McCOY, J., said it had been the constant practice of the Superior Courts, when a cause from the county courts was tried a new, and a deposition come up with the transcript of the record, to admit it to be read; and to presume due service of the notice and that the deposition had been duly taken, on proof that it had been read below.
Whereupon, by the Court. Let proof be made of the reading of this deposition below, and it may be read.
Davie offered to read a certificate, which the plaintiff had obtained from the District Judge of the United States, Sitgreaves, who, while at the bar, was of counsel for the defendant in this case; stating that the deposition was taken by consent of him and Caswell, counsel for the plaintiffs, and that notice was waived.
But Moore and Martin opposed that evidence, as it was not given on oath.
Davie contended that evidence might be given of an adverse party's declaration — that Sitgreaves being the defendant's counsel, his declaration might be given in evidence, with as much propriety as that of the principal. That if it may, evidence of it in writing ought to be received.
(61) But the Court, ASHE, J., and McCOY, J., unanimously rejected it.
While the plaintiffs' counsel was looking around to discover some person who could prove what was required of him, one of the jurors, looking at the deposition, recognized on the back of it some figures which he had made in casting up the interest, at the trial in the county court; having been a juror there.
Moore objected then to that gentleman trying the cause now; as he had already done so once.
On this, the cause was continued; although Davie insisted, very strenuously, that another juror might be sworn.
At September Term following, the plaintiffs had a verdict: but
The rule was granted.
And on the last day of the term, Graham, for the plaintiffs, moved to have the rule discharged; on the ground that the defendant, on the argument day, ought to have moved for the rule being made either absolute or enlarged; that having neglected to do so, he ought to be considered as having abandoned his motion. *Page 67 
But Martin and Badger contended that this being the last day of the term, no business on the law docket could be taken up; the law having exclusively set apart the three last days of every term for the dispatch of equity business, 1792, 8, 46.
Graham replied that the rule must be looked upon as having expired: and
Martin and Badger held that the defendant, having obtained the rule and served a copy of it, nothing remained to be done by him until the plaintiffs showed cause.
That it was the plaintiffs' and not the defendant's duty to move the Court: and cited a number of cases out of Burrows.
Of this opinion was the Court [McCOY, J., alone], who said, that although it was certainly the duty of the plaintiffs to have applied sooner, and on their having neglected to do so, the rule might be made absolute: yet, as this cause had long been depending (it having been commenced nine years ago), he would enlarge the rule until next term.
At March Term, 1795. The rule for a new trial was taken up, and the reasons assigned by Martin were: (62)
1. That the declaration contained but the two common counts, for goods, etc., sold and delivered at a stated price, and on a quantumvalebant: yet an agreement signed by the defendant, that interest should be paid after six months from the delivery of the goods, was read to the jury, from the deposition taken in Philadelphia; although that agreement was not declared upon — and it was therefore improperly introduced.
2. That excessive damages had been given: interest having been computed from the delivery of the goods.
The Court, ASHE, J., and WILLIAMS, J., thought that interest being customarily allowed in Philadelphia in similar cases, it was proper that it should be given in this; even if there had been no agreement to that effect.
They deemed the second objection a proper one.
The plaintiff remitted the interest, during the first six months; and had judgment.
NOTE. — Upon the first point, see Rutherford v. Nelson, 2 N.C. 105, and Collier v. Jeffries, 3 N.C. 400. Upon the fourth point see, seeAnonymous, 3 N.C. 5. *Page 68